**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1964
_____

CASIMIRO HERNANDEZ-SUAREZ,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A087-548-119)
Immigration Judge: Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2013

Before: RENDELL, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: October 4, 2013)
_____

OPINION
_____

PER CURIAM

Casimiro Hernandez-Suarez ("Hernandez") petitions for review of the Board of Immigration Appeals' final order of removal. For the reasons that follow, we will deny the petition for review.

Hernandez, a native and citizen of Mexico, entered the United States in 1994 without inspection. In 2009, Hernandez was placed in removal proceedings pursuant to a Notice To Appear, which charged that he is removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled. It is undisputed that Hernandez is removable as charged. On January 20, 2011, after proceedings had been transferred to Newark, New Jersey, Hernandez, with the assistance of counsel, sought and was granted voluntary departure pursuant to 8 U.S.C. § 1229c(a)(1) ("The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense … in lieu of being subject to proceedings under section 1229a … or prior to the completion of such proceedings, if the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4)(B)….").

Hernandez then retained new counsel, and, on April 15, 2011, he filed a timely motion to reopen in Immigration Court, claiming that he had received ineffective assistance from his first counsel; and requesting the opportunity to apply for asylum, withholding of removal, and protection under the Convention Against Torture. Hernandez claimed that his former counsel incorrectly advised him that he was ineligible for any form of relief from removal. He further contended that he was eligible for asylum or the other related relief because of his fear of returning to Mexico, a fear that was based on an increase in drug-cartel violence, see generally 8 U.S.C. § 1158(a)(2)(D) (asylum application timeliness requirement excused where alien demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for

2

asylum or extraordinary circumstances relating to the delay in filing an application"). A number of items were attached to the motion to reopen, including Hernandez's affidavit, in which he contended, among other things, that Mexico's drug-cartel violence was "fueled by Americans' demand of illegal drugs and their ever-growing arsenal of easily available weapons," A.R. 137; a copy of an attorney ethics grievance form; another affidavit from Hernandez in support of the ethics grievance form; and the State Department Travel Warning dated September 10, 2010, which, among other things, discusses how innocent bystanders have been killed as the Government of Mexico has deployed the military and federal police to combat the drug cartels.

On May 2, 2011, the Immigration Judge denied the motion to reopen on the ground that it did not contain the required Form I-589 application for asylum. See 8 C.F.R. § 1003.23(b)(3) ("Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents.").

On May 9, 2011, Hernandez submitted a motion for reconsideration or to reopen with the IJ. In this motion, counsel asked the IJ to reconsider his decision to deny the motion to reopen because the omission of the asylum application from the motion was due to a "clerical error;" the asylum application and the required fee had actually been mailed to the Nebraska Service Center. A receipt for the application from the Nebraska Service Center was attached, as was a copy of Hernandez's asylum application. In that application, Hernandez claimed to be a member of a social group of "non-gang members," and he stated that he had been attacked by gang members in 1993, which

3

prompted his decision to come to the United States. The Department of Homeland Security opposed reconsideration of the order denying the motion to reopen, arguing that the reconsideration motion had failed to specify any errors of fact or law in the IJ's prior decision, see id. at § 1003.23(b)(2). The IJ agreed and denied the motion for reconsideration on June 14, 2011.

Hernandez appealed to the Board of Immigration Appeals, arguing that the IJ, in denying his motion for reconsideration, failed to credit his explanation for the missing asylum application, and, in doing so, the IJ violated his Fifth Amendment right to due process. Hernandez relied on a case from the Ninth Circuit Court of Appeals, Yeghiazaryan v. Gonzales, 439 F.3d 994, 1000 (9th Cir. 2006), to support his argument. Hernandez also repeated the arguments in his original motion to reopen concerning his first counsel's alleged ineffectiveness, and his prima facie eligibility for asylum or related relief based on his fear of returning to Mexico.

On March 14, 2013, the Board dismissed Hernandez's appeal on the ground that a motion to reconsider in which counsel merely seeks to correct her original filing mistakes does not state a factual or legal error in the IJ's decision. In the alternative, the Board held that Hernandez had not demonstrated materially changed conditions in Mexico or that he was prejudiced by his first counsel's alleged ineffectiveness, such that he should be permitted to file an asylum application. The Board reasoned that Hernandez's first counsel could reasonably have concluded that seeking an extended period for voluntary departure was superior to filing an asylum application that had little likelihood of success. The Board rejected Hernandez's claim of a protectable social group consisting of "non-

4

gang members," and, in addition, concluded that Hernandez had made no showing that the Government of Mexico would acquiesce in his torture for purposes of establishing the need for CAT protection. The Board ordered Hernandez's removal to Mexico pursuant to the alternate order of removal issued by the IJ on January 20, 2011.

Hernandez timely petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). In his brief seeking review of the Board's decision affirming the denial of the IJ's decision denying his motion for reconsideration, Hernandez has repeated the argument he made before the Board that his explanation for the missing asylum application was not properly credited in violation of his Fifth Amendment right to due process, see Petitioner's Brief, at 17-21 (citing Yeghiazaryan, 439 F.3d 994). He also argues that the Board failed to properly apply our "reasonable likelihood (that the result would have been different if the alleged error by counsel had not occurred)" standard in concluding that he was not prejudiced by his first counsel's advice to seek only voluntary departure, see Petitioner's Brief, at 21-23 (citing Fadiga v. Att'y Gen. of U.S., 488 F.3d 142, 159 (3d Cir. 2007)); and he argues that the Board failed to consider and discuss his evidence in determining that he did not establish a prima facie case for asylum, see Petitioner's Brief, at 24-29 (citing Zheng v. Att'y Gen. of U.S., 549 F.3d 260 (3d Cir. 2008)).

We will deny the petition for review. Review of the agency's denial of a motion for reconsideration is for abuse of discretion only. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). See also Immigration & Nationality Serv. v. Doherty, 502 U.S. 314, 323 (1992). Discretionary decisions will not be disturbed unless they are arbitrary,

5

irrational, or contrary to law. See Tipu v. Immigration & Nationality Serv., 20 F.3d 580, 582 (3d Cir. 1994). A motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the Immigration Judge's prior decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.23(b)(2). Here, it is undisputed that the IJ's original decision to deny Hernandez's motion to reopen for failure to include the required asylum application was correct under the applicable regulation.

Because the asylum application clearly was omitted from the original motion to reopen, Hernandez asked the IJ to reconsider, that is, to excuse or forgive the deficiency because the error had been inadvertent. The IJ declined to do so, citing the standard for reconsideration. On appeal, the Board was not persuaded by Yeghiazaryan, 439 F.3d 994, that a due process violation had resulted from the IJ's refusal to reconsider the order denying reopening. We conclude that the Board did not abuse its discretion in this respect. In Yeghiazaryan, the court reversed the Board because it had summarily denied the alien's motion to reopen for failure to provide supporting documentation before the 90-day window for filing a motion to reopen had closed. The court was persuaded to do so because the alien's new counsel had entered the case at a "very late stage," and had laid out the bases for the motion and notified the Board that the supporting evidence would be forthcoming within the prescribed time for filing a motion to reopen. 439 F.3d at 1000. Here, in contrast, the IJ denied Hernandez's motion to reopen for failure to submit the required asylum application after the 90-day window had closed, and counsel did not notify the IJ that the missing supporting documents would be provided within the prescribed time. Yeghiazaryan thus is inapplicable here.

Moreover, an allegation of a due process violation must ordinarily be accompanied by a showing of substantial prejudice. See, e.g., Khan v. Att'y Gen. of U.S., 448 F.3d 226, 236 (3d Cir. 2006). Hernandez's claim of ineffective assistance of first counsel also requires a showing of prejudice. Fadiga v. Att'y Gen. of U.S., 488 F.3d at 159. We have carefully reviewed the original motion to reopen and supporting evidence and find no basis for concluding that Hernandez has suffered any prejudice, no matter how that term is defined.[1] We agree with the Board that Hernandez's claimed fear of returning to Mexico did not establish a prima facie case for a grant of asylum or withholding of removal. See Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 104 (1988) (motion to reopen may be denied where alien fails to establish prima facie case for the relief sought). The Board concluded that Hernandez failed to make a prima facie showing that his group -- non-gang, that is, non-drug-cartel, membership – is an immutable characteristic, see Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985).[2] The record fully supports the conclusion that Hernandez offered *no* evidence to show that

---

[1] We reject as specious Hernandez's argument that the Board failed to consider his evidence or failed to provide a meaningful explanation of its decision, as required by Zheng, 549 F.3d 260.

[2] Acosta defines a "particular social group" as:

> [A] group of persons all of whom share a common, immutable characteristic. The shared characteristic might be an innate one such as sex, color, or kinship ties, or in some circumstances it might be a shared past experience such as former military leadership or land ownership. [W]hatever the common characteristic that defines the group, it must be one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences.

19 I. & N. Dec. at 233.

this group shares common, immutable characteristics. <u>Cf.</u> <u>Garcia v. Att'y Gen. of U.S.</u>, 665 F.3d 496, 504 (3d Cir. 2011) (alien who testified against members of violent gang is member of protectable social group of civilian witnesses, because all share common characteristic based on past conduct that cannot be undone).

In addition, the State Department's Travel Warning does not support a conclusion that the Government of Mexico would acquiesce in Hernandez's torture. This item states that most victims of the drug cartel violence are Mexican citizens associated with criminal activity. A.R. 111-12. It does note that some innocent bystanders have been killed in shoot-outs between the drug cartels and federal police, but that observation in no way supports a conclusion that Hernandez is more likely than not to be tortured with government acquiescence, 8 C.F.R. § 1208.18(a)(1).

Accordingly, we find no basis, either in the claim of ineffective assistance of first counsel, or in the persecution claim, for concluding that Hernandez's original motion to reopen should have been addressed on the merits. Due process was not violated by the denial of Hernandez's motion for reconsideration of the IJ's May 2, 2011 decision denying his motion to reopen.

For the foregoing reasons, we will deny the petition for review.